Thomas K. Hockel (SBN 172367)
KELLY HERLIHY & KLEIN, LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808
thockel@kelher.com

Attorneys for Defendants HARTFORD LIFE AND
ACCIDENT INSURANCE COMPANY and
PACIFIC GAS TRANSMISSION COMPANY
LONG TERM DISABILITY PLAN

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRUCE PIERCE,<br><br>            Plaintiff,<br><br>    vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; and PACIFIC GAS TRANSMISSION COMPANY LONG TERM DISABILITY PLAN,<br><br>            Defendants. | Case No.: CV-07-6016 SC<br><br>**ANSWER TO COMPLAINT** |

ANSWER TO COMPLAINT

Case No.: C-07-6016 SC

1    COME NOW defendants Hartford Life And Accident Insurance Company ("Hartford")
2 and Pacific Gas Transmission Company Long Term Disability Plan ("the LTD Plan")
3 (collectively "Defendants") and answer the Complaint for Breach of the Employee Retirement
4 Income Security Act of 1974 ("the Complaint") filed in the captioned matter by plaintiff Bruce
5 Pierce ("Plaintiff"), as follows:

6    1.   Answering paragraph 1 of the complaint, Defendants admit that this Court has
7 jurisdiction over this action in that it involves a claim for benefits under the Employee
8 Retirement Income Security Act of 1974 ("ERISA"); and that this action involves a federal
9 question under 8 U.S.C. Section 1331. Except as expressly admitted, Defendants lack sufficient
10 knowledge or information to form a belief as to truth of the remaining allegations in paragraph 1
11 of the complaint; and, therefore, they deny the remaining allegations.

12    2.   Answering paragraph 2 of the complaint, Defendants are informed and believe,
13 and on that basis alone admit, that plaintiff was an employee of Pacific Gas Transmission
14 Company. Except as expressly admitted, Defendants lack knowledge or information sufficient to
15 form a belief as to the truth of the remaining allegations in paragraph 2 of the complaint; and,
16 therefore, they deny the remaining allegations.

17    3.   Answering paragraph 3 of the complaint, Defendants admit the allegations in that
18 paragraph.

19    4.   Answering paragraph 4 of the complaint, Defendants admit that the LTD Plan is
20 an employee welfare benefit plan regulated by ERISA, established by Pacific Gas Transmission
21 Company, under which Plaintiff was a participant. Defendants further admit that the LTD Plan
22 is doing business in this judicial district in that it covers employees residing in this judicial
23 district. Except as expressly admitted, Defendants deny the allegations in paragraph 4.

24    5.   Answering paragraph 5 of the complaint, Defendants state that they lack sufficient
25 knowledge and information to form a belief as to the meaning of Plaintiff's allegations that the
26 LTD claim "is administered in this judicial district" and "was also specifically administered in
27 this judicial district." Therefore, Defendants deny those allegations. Defendants admit the
28 remaining allegations in paragraph 5.

-1-

ANSWER TO COMPLAINT

Case No.: C-07-6016 SC

6.   Answering paragraph 6 of the complaint, Defendants admit on information and belief that Plaintiff was employed by Pacific Gas Transmission Company and admit that, for a period of time, and during the course of his employment, Plaintiff suffered a disability rendering him totally disabled under the LTD Plan and he became eligible for benefits for that period of time. Except as expressly admitted, Defendants state that they lack sufficient knowledge or information to form a belief concerning the truth of the remaining allegations in paragraph 6 of the complaint; and, therefore, they deny the remaining allegations.

7.   Answering paragraph 7 of the complaint, Defendants admit the allegations contained in that paragraph.

8.   Answering paragraph 8 of the complaint, Defendants admit that Plaintiff made a claim to Hartford for LTD benefits under the LTD Plan; that Plaintiff's benefits were discontinued; that Plaintiff appealed the determination that he was no longer eligible for benefits; and that, in a letter dated March 15, 2006, Hartford upheld its determination. Except as expressly admitted, Defendants deny the allegations set forth in paragraph 8.

9.   Answering paragraph 9 of the complaint, Defendants deny the allegations in that paragraph.

10.  Answering paragraph 10 of the complaint, Defendants deny the allegations in that paragraph.

11.  Answering paragraph 11 of the complaint, Defendants deny the allegations in that paragraph.

12.  Answering paragraph 12 of the complaint, Defendants deny the allegations in that paragraph.

13.  Answering paragraph 13 of the complaint, Defendants deny the allegations in that paragraph.

14.  Answering paragraph 14 of the complaint, Defendants incorporate by reference their responses to paragraphs 1 through 13 above as though fully set forth herein.

15.  Answering paragraph 15 of the complaint, Defendants deny the allegations in that paragraph.

16. Answering paragraph 16 of the complaint, Defendants incorporate by reference their responses to paragraphs 1 through 15 above as though fully set forth herein.

17. Answering paragraph 17 of the complaint, Defendants state that they lack knowledge and information sufficient to enable a response and, therefore, they deny the allegations in that paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

As a first, separate and affirmative defense to Plaintiff's complaint, Defendants allege that neither the complaint nor any claim for relief therein state facts sufficient to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

(Plaintiff Not Entitled To Further Benefits)

As a second, separate and affirmative defense to Plaintiff's complaint, Defendants allege that Plaintiff is not entitled to any further benefits or any other compensation from Defendants.

### THIRD AFFIRMATIVE DEFENSE

(Plaintiff Failed To Satisfy All Conditions Precedent)

As a third, separate and affirmative defense to Plaintiff's complaint, Defendant allege that Plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

### FOURTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

As a fourth, separate and affirmative defense to Plaintiff's complaint, Defendants allege that Plaintiff's claims for relief are barred by the principle of unjust enrichment.

### FIFTH AFFIRMATIVE DEFENSE

(Equitable Doctrine)

1  As a seventh, separate and affirmative defense to Plaintiff's complaint, Defendants allege
2  that Plaintiff is barred and estopped by the equitable doctrine of unclean hands from seeing or
3  obtaining any recovery against Defendants.

### SIXTH AFFIRMATIVE DEFENSE

(Doctrine of Waiver And Laches)

As an eighth ninth, separate and affirmative defense to Plaintiff's complaint, Defendants alleges that Plaintiff, by virtue of the legal doctrine of waiver and laches, is estopped from pursing some or all of the causes of actions alleged against Defendants.

WHEREFORE, Defendants pray for judgment in their favor as follows:

1. That Plaintiff take nothing by reason of his Complaint on file herein;
2. That Defendants be awarded their costs and expenses incurred in this action;
3. That Defendants be awarded their attorneys' fees incurred in this action; and
4. That Defendants recover such other and further relief as the Court may deem just and proper.


Dated: January 22, 2008          KELLY, HERLIHY & KLEIN LLP


                                 By   /s/ Thomas K. Hockel
                                    Thomas K. Hockel
                                    Attorneys for Defendants HARTFORD
                                    LIFE AND ACCIDENT INSURANCE
                                    COMPANY (the successor to HARTFORD
                                    GROUP INSURANCE COMPANY,
                                    erroneously named herein) and ALSIDE
                                    INC. EMPLOYEE BENFIT PLAN