KELLY HERLIHY & KLEIN LLP
THOMAS K. HOCKEL, State Bar No. 172367
44 Montgomery St., Suite 2500
San Francisco, California 94104-4798
Telephone: (415) 951-0535
Facsimile: (415) 391-7808
thockel@kelher.com

Attorneys for Defendants

KANTOR & KANTOR, LLP
ALAN E. KASSAN, State Bar No. 113864
PETER S. SESSIONS, State Bar No. 193301
19839 Nordhoff St.
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272
akassan@ kantorlaw.net
psessions@kantorlaw.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bruce Pierce,<br><br>Plaintiff,<br><br>vs.<br><br>Hartford Life & Accident Insurance Company; Pacific Gas Transmission Company Long Term Disability Plan,<br><br>Defendants. | Case No. C 07-06016 SC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: March 7, 2008<br>Time: 10:00 a.m.<br>Ctrm: 1, 17th Floor, San Francisco |

Pursuant to Federal Rule of Civil Procedure 26(f), the Local Rules of this Court, and this Court's Order, Plaintiff Bruce Pierce ("Pierce") and Defendants Hartford Life & Accident Insurance Company ("Hartford") and Pacific Gas Transmission Company Long Term Disability Plan ("the Plan") (collectively, "Defendants"), by and through their respective counsel of record, hereby submit this Joint Case Management Statement.

**1. Jurisdiction and Service.**

This action is brought under 29 U.S.C. §§ 1132(a), (e), (f), and (g) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as it involves a claim by Pierce for long term disability ("LTD") benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is also predicated under 28 U.S.C. § 1331 (federal question). All parties to the action have been served and appeared.

**2. Facts.**

This case arises from a claim by Pierce for LTD benefits under the Plan, which is governed by ERISA. Defendant Hartford is the insurer and claim administrator of the Plan.

Pierce was an account analyst for Pacific Gas Transmission Company, and was thus responsible for financial forecasts and preparation and monitoring of budgets. As an employee of Pacific Gas Transmission Company, he was a participant and eligible for benefits under its LTD Plan. Pierce has been diagnosed with AIDS and other associated conditions, including migraines, depression, anxiety, and diarrhea. Pierce submitted his application for LTD benefits under the Plan to Hartford, which approved his application and began paying benefits on October 6, 2004. Hartford ceased paying benefits on June 5, 2005 on the ground that Pierce no longer met the Plan definition of disability. Pierce appealed the decision and Hartford upheld its denial. This action followed.

Pierce contends that Hartford's termination of benefits was wrong and he is entitled to continued disability benefits. Defendants contend the denial was correct.

**3. Legal Issues.**

(1) The proper standard of review by which Defendants' decision must be evaluated by the Court; and (2) whether Pierce is entitled to benefits under the terms of the Plan.

**4. Motions.**

There are no prior or pending motions. A motion to determine the propriety of discovery may be necessary. Defendants anticipate filing a motion for summary judgment, either separately or with a motion to determine the appropriate standard of review. The parties propose a dispositive motion filing cut-off date of October 15, 2008.

**5. Amendment of Pleadings.**

There are no anticipated amendments to the pleadings.

**6. Evidence Preservation.**

Plaintiff has no electronic documents that require preservation.

Defendants have taken steps to preserve evidence relevant to the issues reasonably evident in this action as of the date when the filing of the litigation was known, and has preserved and will produce through initial disclosures the entire administrative record in this matter.

**7. Disclosures.**

a. Plaintiff's Disclosure.

Plaintiff will produce documents pursuant to Rule 26 to the extent they are necessary to complete the administrative record produced by Defendants.

b. Defendants' Disclosure.

Defendants will produce their Rule 26 disclosures, including a complete copy of the administrative record and any applicable Plan documents, by March 17, 2008.

**8. Discovery.**

Neither party has taken any discovery to date.

a. Plaintiff's Contentions re Discovery.

Plaintiff contends that discovery is appropriate regarding the issue of conflict of interest pursuant to *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc). In *Abatie*, the court confirmed that a district court may consider evidence outside of the administrative record in ERISA cases "to decide the nature, extent, and effect on the decision-making process of any conflict of interest" in order to determine the appropriate level of scrutiny it should give to a conflicted administrator's decision to deny a plan participant's claim for benefits. *Id.* at 970. Because the plan participant necessarily cannot have access to information outside of the administrative record without discovery, discovery is permitted to enable courts to consider the evidence that the *Abatie* court contemplated. Plaintiff anticipates propounding

limited discovery on this issue once he has received and reviewed the administrative record and Plan documents produced by Defendants.

b. Defendants' Contentions re Discovery.

Defendants disagree that discovery is appropriate in this case since the Court's review will be limited to the administrative record, which will be produced with Defendants' initial disclosures, and there is no basis for conducting discovery to exceed that record.

c. Expert Discovery and Discovery Cut-Off.

The parties agree that expert disclosure and discovery is not necessary as the parties will not be utilizing experts for trial.

d. Discovery Cut-Off.

The parties propose a discovery cut-off date of September 15, 2008.

**9. Class Actions.**

This case has not been pled as a class action.

**10. Related Cases.**

There are no known related cases.

**11. Relief.**

a. Relief Sought by Plaintiff

Plaintiff seeks LTD benefits under the Plan in the amount of approximately $3,200 per month, minus applicable offsets, and his reasonable costs and attorney's fees pursuant to 29 U.S.C. § 1132(g).

b. Relief Sought by Defendant.

Defendant seeks judgment and dismissal with prejudice of this matter, and any reimbursement of attorneys' fees and cost permissible under the law.

**12. Settlement and ADR.**

The parties through their counsel have discussed ADR, and agreed to private mediation to take place within 120 days of the referral order.

**13. Consent to Magistrate Judge.**

The parties have not consented to have a Magistrate Judge conduct all future proceedings.

**14. Other References.**

This case is not suitable for, nor do the parties consent to, reference to binding arbitration or a special master. This case is not properly referable to the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues.**

The parties believe that the appropriate standard of review in this matter may be decided through motion proceedings, and that all other issues in this fairly straightforward ERISA case can be satisfactorily resolved at trial.

**16. Expedited Schedule.**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

i. The parties propose that all fact discovery, if any, to be completed by September 15, 2008;

ii. The parties propose that dispositive motions be filed by October 15, 2008;

iii. The parties request that the Court waive the Final Pre-Trial Conference because:

(a) This will be a bench trial with no live testimony;

(b) The parties anticipate that the evidence will be largely limited to the claim file and any evidence required to be contained within the Administrative Record; and

(c) The parties' respective positions may be briefed through trial briefs.

iv. The parties propose a deadline for filing simultaneous opening trial briefs of December 1, 2008, and for filing responsive briefs on December 15, 2008. The parties propose a trial date of January January 19, 2009.

**18. Trial.**

The parties estimate that the trial of this matter will require two hours to one half day.

**19. Disclosure of Non-party Interested Entities or Persons.**

Pursuant to Civil Local Rule 3-16, Plaintiff certifies that, other than himself, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Pursuant to Civil Local Rule 3-16, Defendants certify that there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding, except for the following: Hartford Life & Accident Insurance Company, and Pacific Gas Transmission Company Long Term Disability Plan.

**20. Other Matters to be Considered.**

The parties believe that there are no other matters that need to be considered at this time.

Dated: February 28, 2008

KANTOR & KANTOR LLP

By ____/s/Peter S. Sessions________
Peter S. Sessions
Attorney for Plaintiff

Dated: February 28, 2008

KELLY HERLIHY & KLEIN LLP

By /s/ Thomas K. Hockel______________
Thomas K. Hockel
Attorney for Defendants